IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| PAUL M. SANDERS, | 06-CV-1228-BR |
| Plaintiff, | |
| | OPINION AND ORDER |
| v. | |
| UNITED ASSOCIATION OF JOURNEYMAN AND APPRENTICES OF THE PLUMBING AND PIPE FITTING INDUSTRY OF THE UNITED STATES AND CANADA, LOCAL 290, an unincorporated association; PLUMBING AND PIPING INDUSTRY COUNCIL, INC., a corporation; and DOES 1 THROUGH 20, | |
| Defendants. | |

PAUL M. SANDERS
P.O. Box 532
South Beach, OR  97366
(541) 961-3509

      Plaintiff, *Pro Se*

1 - OPINION AND ORDER

**PAUL C. HAYS**
**PING TOW-WORAM**
Carney, Buckley, Hays & Marsh
1500 S.W. First Avenue, Suite 1015
Portland, OR 97201
(503) 221-0611

>    Attorneys for Defendant United Association of
>    Journeyman and Apprentices of the Plumbing and Pipe
>    Fitting Industry of the United States and Canada, Local
>    290

**JOHN S. WATTS**
**JAMES R. WATTS**
Watts & Watts
3434 S.W. Water Avenue
Portland, OR  97239
(503) 228-3387

>    Attorneys for Defendant Plumbing and Piping Industry
>    Council, Inc.

**BROWN, Judge.**

This matter comes before the Court on Defendants' Joint Motion for Summary Judgment (#23).  For the reasons that follow, the Court **GRANTS** Defendants' Motion.

## BACKGROUND

The following facts are undisputed unless otherwise noted:

Plaintiff Paul M. Sanders was a member of the United Association of Journeyman and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada Local 342 in the California Bay Area.  Local 342 issued Plaintiff a "travel card."  On August 29, 2002, Plaintiff deposited his travel card

2 - OPINION AND ORDER

with Defendant United Association of Journeyman and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada Local 290.  Pursuant to the travel card, Local 290 placed Plaintiff on its Oregon Building Trades Journeyman Plumbers "B" out-of-work list.

In 2004 Plaintiff filed unfair-labor practice (ULP) charges with the National Labor Relations Board (NLRB) as follows:

1. On January 20, 2004, against Local 290 regarding its dispatch practices, hiring-hall policy, and refusal to provide dispatch records.

2. On March 20, 2004, against Local 290 regarding implementation and administration of its hiring-hall rules.

3. On March 24, 2004, against Defendant Plumbing and Piping Industry Council, Inc. (Association) for unlawful discrimination relating to Local 290's hiring hall.

4. On August 2, 2004, against Local 290 alleging it failed to dispatch Plaintiff to jobs and delayed in providing him with dispatch records for review.

On August 6, 2004, Local 290 removed Plaintiff's name from the hiring hall's B out-of-work list and returned his travel card to Local 342.

On September 20, 2004, Plaintiff filed an amendment to his August 2, 2004, ULP charge against Local 290 to include allegations of retaliation and improper administration of hiring-hall systems and procedures.  On October 3, 2004, Plaintiff informed counsel for Local 290 that he was appealing the removal of his name from the B out-of-work list to the Joint Hiring

3 - OPINION AND ORDER

Committee pursuant to hiring-hall regulations.

On November 16, 2004, the Joint Hiring Committee heard Plaintiff's appeal. On November 22, 2004, the Committee advised Local 290 that it had denied Plaintiff's appeal. Local 290 informed Plaintiff of the Committee's decision on November 29, 2004.

On August 25, 2006, Plaintiff filed a Complaint in this Court against Local 290 and the Association alleging Local 290 breached its duty of fair representation and the Association breached the Collective Bargaining Agreement (CBA). On January 26, 2007, Defendants filed a Motion for Summary Judgment on the ground that Plaintiff did not file this action within the time allowed by the applicable statute of limitations.

## **STANDARDS**

Fed. R. Civ. P. 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial. *Id*.

An issue of fact is genuine "'if the evidence is such that a

4 - OPINION AND ORDER

reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The court must draw all reasonable inferences in favor of the nonmoving party.  *Id*.  "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues."  *Easter v. Am. W. Fin.*, 381 F.3d 948 (9th Cir. 2004)(citing *Sherman Oaks Med. Arts Ctr., Ltd. v. Carpenters Local Union No. 1936*, 680 F.2d 594, 598 (9th Cir. 1982)).

A mere disagreement about a material issue of fact, however, does not preclude summary judgment.  *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389 (9th Cir. 1990).  When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary."  *Wong v. Regents of Univ. of Cal.*, 379 F.3d 1097 (9th Cir. 2004), *as amended by* 410 F.3d 1052, 1055 (9th Cir. 2005) (citing *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1149 (9th Cir. 1998) ).

The substantive law governing a claim or a defense determines whether a fact is material.  *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006).  If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment.  *Id*.

**DISCUSSION**

Defendants move for summary judgment on Plaintiff's claims on the ground that Plaintiff did not file this action within the time allowed by the applicable statute of limitations. Plaintiff, however, contends the statute of limitations does not apply because he was not employed by the Association, and, if it does apply, it was tolled when he filed ULP charges with the NLRB against Local 290 and the Association.

**I.   Plaintiff Was an Employee of the Association pursuant to the National Labor Relations Act (NLRA).**

Plaintiff contends the statute of limitations does not apply in this case because he was never employed by either Local 290 or by the Association, and, therefore, his claims are not covered by the NLRA.

Section 2(3) of the NLRA defines "employee" to include

> any employee, and shall not be limited to the employees of a particular employer, unless this subchapter explicitly states otherwise, and shall include any individual whose work has ceased as a consequence of, or in connection with, any current labor dispute or because of any unfair labor practice, and who has not obtained any other regular and substantially equivalent employment.

29 U.S.C. § 152(3).  The Supreme Court interpreted the term "employee" broadly in the context of the NLRA to include job applicants because "otherwise the [NLRA's] prohibition of discrimination in regard to hir[ing] would serve no function." *NLRB v. Town & Country Elec., Inc.*, 516 U.S. 85, 87-88 (1995)

6 - OPINION AND ORDER

(internal citation and quotations omitted).  In addition, the NLRB has interpreted § 2(3) to include applicants signed up in hiring halls for intermittent employment in multiemployer situations like the one at issue here.  *See Assoc. Gen. Contractors*, 53 L.R.R.M. 1299, 1301 (NLRB 1963)("[T]he [Supreme] Court [in *Phelps Dodge Corp. v. NLRB*, 313 U.S. 177 (1941),] contemplated prospective employees as also within the definition [of employee].  Moreover, we find it highly significant that we are dealing with a multiemployer situation . . . in [an] industry [in which] employees who have been laid off by one employer are customarily desirous of employment with others in the industry, and are still employees within the meaning of the Act as they seek employment with such other employers.").

The Court, therefore, concludes Plaintiff was an employee within the meaning of the NLRA during his time on Local 290's B out-of-work list.

**II.  Applicable Statute of Limitations.**

When a union representing an employee in a grievance/arbitration procedure "acts in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation, . . . an employee may bring suit against both the employer and the union."  *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 164 (1983).  The Supreme Court described these actions against the employer

7 - OPINION AND ORDER

and the Union as hybrid fair-representation/Section 301 claims because

> [s]uch a suit, as a formal matter, comprises two causes of action. The suit against the employer rests on § 301 [of the Labor Management Relations Act], since the employee is alleging a breach of the collective bargaining agreement. The suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act. Yet the two claims are inextricably interdependent. To prevail against either the company or the Union, . . . [employee-plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the Union. The employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both. The suit is thus not a straightforward breach of contract suit under § 301, . . . but a hybrid § 301/fair representation claim, amounting to a direct challenge to the private settlement of disputes under [the collective-bargaining agreement].

*Id.* at 164-65 (quotations omitted). The Supreme Court also concluded the six-month statute of limitations in § 10(b) of the NLRA applies to hybrid Section 301/duty of fair-representation cases. *Id*. at 169-71.

Under the NLRA, the six-month limitations period under § 10(b) generally begins to run when an employee "discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged [violation]." The Ninth Circuit has not decided in the specific context of a hybrid case "whether accrual occurs when the employee learns, or should have

8 - OPINION AND ORDER

learned his dispute was finally resolved [under a union's internal procedures], . . . or whether accrual occurs when the employee learns, or should have learned, that the union may have violated its duty of fair representation."  *Zuniga v. United Can Co.*, 812 F.2d 443, 448-49 (9th Cir. 1987)(quotation omitted).

### A. First Test:  Plaintiff's Claims Accrued When He Learned or Should Have Learned the Union Breached Its Duty of Fair Representation

Plaintiff alleges Local 290 breached its duty of fair representation when it "violated the plaintiff's rights under the [CBA] and passed over the plaintiff for employment from August 29, 2002, to August 6, 2004," and when it removed Plaintiff's name from Local 290's B out-of-work registry on August 6, 2004.  It is undisputed that Plaintiff did not use any services of Local 290 and was not in Local 290's hiring hall after August 2004.

Plaintiff filed numerous ULP complaints against Local 290 regarding alleged unfair labor practices and amended his August 2004 ULP specifically to include claims for improper administration, retaliation, and removal of his name from Local 290's B out-of-work list in September and October 2004.  Thus, Plaintiff knew or should have known about Local 290's alleged breach of its duty of fair representation by October 2004 at the latest.  Plaintiff, however, did not commence this action until August 25, 2006, which was long after the six-month limitation period had passed.

9 - OPINION AND ORDER

>    B.   **Second Test:  Plaintiff's Claims Accrued When He Learned or Should Have Learned His Dispute Was Finally Resolved under Local 290 Procedures.**

On November 29, 2004, Local 290 notified Plaintiff that the Joint Hiring Committee had denied Plaintiff's appeal.  Local 290's rules and regulations provide decisions of the Joint Hiring Committee are "conclusive and binding" on all parties.  Plaintiff, therefore, learned his dispute was resolved under Local 290's procedures as of November 29, 2004.  As noted, Plaintiff did not file this action until August 2006, which was significantly more than six months after Plaintiff learned about the final resolution of his dispute.

As noted, the Ninth Circuit has not decided when the six-month limitations period beings to accrue in a hybrid Section 301/duty of fair-representation case.  This Court, however, does not need to resolve that issue here because Plaintiff did not bring this action within the limitations period under either accrual test.

### III. The Statute of Limitations Was Not Tolled When Plaintiff Filed ULP Charges with the NLRB Against Local 290.

Plaintiff contends the six-month statute of limitations was tolled when he filed ULP charges with the NLRB against Local 290.  The Ninth Circuit, however, has held filing an action with the NLRB does not suspend the six-month limitations period for hybrid Section 301/duty of fair-representation cases.  *See Conley v.*

10 - OPINION AND ORDER

*Int'l Bhd. of Elec. Workers, Local 639*, 810 F.2d 913, 916 (9th Cir. 1987)("In [hybrid cases,] the filing of the NLRB action [is] merely optional. Allowing tolling in this circumstance would frustrate the national policy of prompt resolution of labor disputes. . . . [The plaintiff's] filing of the labor practice charge [with the NLRB] does not suspend the limitation period."). The Court, therefore, concludes the six-month statute of limitations was not tolled when Plaintiff filed ULP charges with the NLRB against Local 290.

Based on this record, the Court grants Defendants' Joint Motion for Summary Judgment.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Joint Motion for Summary Judgment (#23).

IT IS SO ORDERED.

DATED this 2nd day of May, 2007.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

11 - OPINION AND ORDER